IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Benny Ray Barfield, formerly #261966,, also known as Benny Barfield, | ) C.A. #6:15-0186-PMD )  ) |
| Plaintiff, | ) ) |
| vs. | ) **ORDER** ) |
| The South Carolina Dept. Of Mental Health; Holly Scutturo, SVP Director; and John MaGill, Director, | ) ) ) ) |
| Defendants. | ) ) |

This case is before the Court upon the magistrate judge's recommendation that plaintiff's motion for summary judgment be denied, and defendants' motion for summary judgment be granted. The record includes a report and recommendation of the United States Magistrate Judge made in accordance with Local Civil Rule 73.02(B) (D.S.C.)..

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[1] Plaintiff filed timely objections

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The

to the magistrate judge's report on October 29, 2015.

A review of the plaintiff's objections and the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report is incorporated into this order.

Plaintiff's objections fail to directly address the magistrate judge's report, and instead continue to reiterate his original complaint, and further states, "The Magistrate Judge didn't make any errors!!!." Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for such objections. 28 U.S.C. § 636 (b)(1). Generally stated, nonspecific objections have the same effect as would a failure to object. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).

Accordingly, this court agrees with the magistrate judge, and

**IT IS HEREWITH ORDERED** that plaintiff's motion for summary judgment is **DENIED**, and defendants' motion for summary judgment is **GRANTED**, and this case is dismissed with prejudice.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

October 29, 2015
Charleston, South Carolina

---

notice must be sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report